IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KYLE MORRELL BRIGGS, | ) | Civil Action No. 4:13-cv-3371-TLW |
| | ) | Criminal No. 4:11-cr-02161-TLW-1 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Kyle Morrell Briggs ("Petitioner" or "Defendant"). (Doc. #800). On September 27, 2011, a federal grand jury returned an Indictment charging Petitioner with conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. (Doc. #2). On January 5, 2012, Petitioner pled guilty to Count 1 of the Indictment, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of crack, a violation of 21 U.S.C. § 846, pursuant to a plea agreement. (Doc. #323, #347, #348). On July 30, 2012, a sentencing hearing was held in which Petitioner was sentenced to a term of 151 months to be followed by 5 years of supervised release. (Doc. #537, #550). Petitioner noticed a direct appeal of his conviction and sentence and the Fourth Circuit Court of Appeals dismissed the appeal on January 7, 2013. (Doc. #733). On September 9, 2015, this Court entered an Order granting a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. #942). Petitioner's sentence was reduced to 140 months imprisonment. (Doc. #942).

On December 2, 2013, Petitioner filed the instant § 2255 petition alleging ineffective assistance on the part of his defense counsel. (Doc. #800). Specifically, Petitioner contends defense counsel was ineffective because counsel "misinformed" Petitioner about withdrawing an objection to the two-level enhancement under 2D1.1(b); "misinformed" him about withdrawing an objection pursuant to 3B1.1(e); and finally, "[c]ounsel misinformed [Petitioner] about withdrawing his objections" to the Presentence Investigation Report ("PSR") in general. (Doc. #800 at 4).

On January 22, 2014, the Government filed its response to the § 2255 petition and moved for summary judgment. (Doc. #814, #815). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 24, 2014 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. #817). The Court granted Petitioner's motion for extension of time to file a response (Doc. #820, #821), and Petitioner responded to the Government's motion for summary judgment on April 7, 2014. (Doc. #825). The matter is now ripe for decision.

## **28 U.S.C. § 2255**

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution

2

or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has filed a response and moved for summary judgment as to the grounds for relief raised by Petitioner.  (Doc. #814, #815).  In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact such that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as

3

provided in Federal Rule of Civil Procedure 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23; see Fed. R. Civ. P. 56.

## DISCUSSION

Petitioner's argument for relief is that his trial counsel rendered ineffective assistance. (Docs. #800 at 4, #800-1 at 3-6). Essentially, Petitioner claims that he was misled by defense counsel and withdrew "his objection[s] based on erroneous advise [sic] by counsel." (Doc. #800-1 at 6). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id. at 690. Furthermore, there is "a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

Petitioner's claim of ineffective of assistance is without merit. Petitioner claims his defense counsel did not properly advise him, which led the Petitioner to withdraw certain objections to the PSR. Petitioner's defense counsel filed an affidavit on January 10, 2014 responding to Petitioner's allegations and claim of ineffective assistance. (Doc. #812). Defense counsel originally filed three substantive objections to the initial PSR: the first involving the calculation of Petitioner's criminal history; the second, in connection with calculation of drug weight; and the third related to the application of an aggravating role enhancement pursuant to U.S.S.G. § 3B1.1. (See Doc. #414-2, Doc. #812 at 4-6). The first objection was resolved in favor of Petitioner. (Doc. #812 at 4). The other objections were withdrawn by Petitioner at the sentencing hearing. (Doc. #615 at 2-3).

First, Petitioner claims counsel gave him erroneous information that convinced Petitioner to withdraw an objection to a 2-level sentencing enhancement under § 2D1.1(b)(1). (Doc. #800-1 at 3-4). In his affidavit, defense counsel states that no objection was filed (thus it was never withdrawn) to the firearm enhancement under § 2D1.1(b)(1). (Doc. #812 at 2-4). After careful review of the record, the PSR, and transcript of the sentencing hearing, no objection was filed to the firearm enhancement; hence, no objection was withdrawn based on defense counsel's erroneous advice. (Doc. #414-2, #615 at 16).

Second, Petitioner alleges defense counsel failed to properly explain the 2-level leader/organizer enhancement under § 3B1.1(c). (Doc. #800-1 at 4). Petitioner claims that defense counsel advised him that if he withdrew the objection to this enhancement, "the government would file a motion for a sentence reduction and he would not be held accountable for the enhancement."

5

(Doc. #800-1 at 4). Defense counsel's affidavit makes clear that he met with and advised Petitioner of the options and legal strategies available to Petitioner in approaching the sentencing hearing. (Doc. #812 at 5). Further, defense counsel states that the Petitioner concluded, and defense counsel agreed, that the appropriate strategy for sentencing involved withdrawing the objections to the PSR and requesting the Government move for a 3-level reduction pursuant to § 5K1.1. (Doc. #812 at 6). The record corroborates defense counsel's affidavit. (See Doc. #812-1 at 1, 2). At the sentencing hearing, this Court asked both the Petitioner and defense counsel about any remaining objections to the PSR. (Doc. #615 at 2-3). When asked if there were any objections, defense counsel responded:

> It is my understanding that the government is going to move for a downward departure pursuant to 5K1.1, and we have agreed to withdraw our objections to the presentence report based on the government making that motion.

(Doc. #615 at 2).

The Court then addressed the Petitioner:

> Mr. Briggs, you have heard what your lawyer has said. He says that there are no objections to the presentence report. More specifically, he said that objections had been filed to the presentence report but that the objections would be withdrawn. Is that what you want to do, Mr. Briggs, withdraw the objections to the presentence report?

(Doc. #615 at 2-3).

Petitioner responded, "Yes, sir." (Doc. #615 at 3). The Court again asked Petitioner "do you have any objections to the presentence report in this case, Mr. Briggs?" Petitioner responded "No, sir." (Doc. #615 at 3). Following the withdrawal of the objections to the PSR, the Government did move for a 3-level downward departure. (Doc. #615 at 28).

Finally, Petitioner argues, in general fashion, that "counsel provided ineffective assistance of counsel for failing to properly advising [sic] defendant in reference to withdrawing his objections." (Doc. #800-1 at 6). As discussed above, the Court finds this argument without merit.

6

At the sentencing hearing, Petitioner confirmed to the Court that it was his intention to withdraw his objections to the PSR in light of the Government's motion for a 3-level reduction pursuant to § 5K1.1. (Doc. #615 at 2-3, 7). Petitioner received the benefit of a 3-level downward departure. (Doc. #615 at 28). Defense counsel filed a detailed sentencing memorandum prior to sentencing and made an argument at the sentencing hearing for a variance on behalf of Petitioner. (Doc. #615 at 10-23).

Based upon the foregoing, Petitioner has not presented any ground upon which this Court can conclude that Petitioner did not intend to withdraw his objections to the PSR or that trial counsel misled Petitioner about the consequences of withdrawing the objections at the sentencing hearing. Petitioner has failed to establish any ground to support his claim of ineffective assistance of counsel.

## CONCLUSION

For all of the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. #800) and the Government's motion for summary judgment is **GRANTED** (Doc. #815).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

December 8, 2015
Columbia, South Carolina