IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Kyle Morrell Briggs | Case No. 4:11-cr-02161-TLW-1<br><br>**Order** |

This matter is before the Court on Defendant's motion to compel the Government to file a motion pursuant to Rule 35(b) in his case. ECF No. 1086. In his motion, he says that after his sentencing, he was approached by the DEA and provided additional information against others. The Government filed a response in opposition, stating that he "was adequately rewarded for his cooperation in his case and is not entitled to an additional Rule 35(b) motion." ECF No. 1091.

Rule 35(b) provides that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the Government. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a Government motion only if (1) the Government has obligated itself in a plea agreement to move for a departure; or (2) the Government's refusal to move for a departure is based on an unconstitutional motive. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992)). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal contract principles. *See United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994); *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking

1

relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the Government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. *See United States v. Taylor*, No. 97-5002, 1999 WL 30928, at *3 (4th Cir. Jan. 26, 1999) (requiring a substantial threshold showing on the first factor); *Wallace*, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case, the Court concludes that there is no appropriate basis to reduce Defendant's sentence. Specifically, the Government has not made a Rule 35(b) motion and he has not presented evidence that it obligated itself to file such a motion. Additionally, the Court concludes that he has not made a substantial threshold showing of an unconstitutional motive as required to obtain relief under *Wallace*. In sum, he has provided no basis to compel a reduction of his sentence under Rule 35(b). Accordingly, his motion to compel, ECF No. 1086, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 28, 2020
Columbia, South Carolina

2